**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kenneth Goldsmith, | ) | No. CV 11-02249-PHX-NVW |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Kenneth Goldsmith seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     Background**

    **A.     Factual Background**

Goldsmith was born in January 1949 and was 61 years old at the time of the administrative hearing. He has a high school education. He worked as a bartender, but has not worked since July 14, 2008, when he began having seizures. He has been diagnosed with having grand mal seizures, which he reports occurring about once a

1  month, during which he loses consciousness and has convulsions.  He also reports having
2  brief incidents about twice a week during which he does not lose consciousness, but has
3  difficulty seeing and walking.

### B. Procedural History

On December 5, 2008, Goldsmith applied for disability insurance benefits, and on and December 22, 2008, he applied for supplemental security income.  He alleged disability beginning July 14, 2008.  On August 25, 2010, he appeared with his attorney and testified at a hearing before the ALJ.

On November 22, 2010, the ALJ issued a decision that Goldsmith was not disabled within the meaning of the Social Security Act. On September 15, 2011, the Appeals Council denied Goldsmith's request for review of the hearing decision.  Therefore, the ALJ's decision became the Commissioner's final decision.  On November 16, 2011, Goldsmith sought review by this Court.

## II. Standard of Review

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*  In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

### III. Issue Presented for Review

The only issue Goldsmith asks the Court to review is whether the ALJ committed reversible error in failing to properly consider Goldsmith's subjective pain and limitation testimony.

### IV. Analysis

The ALJ found that Goldsmith meets the insured status requirements of the Social Security Act through March 31, 2013, and that he has not engaged in substantial gainful activity since July 14, 2008. He also found that Goldsmith has the severe impairment of grand mal seizures, but the impairment did not meet or medically equal a listed impairment. The ALJ further found that Goldsmith "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to avoiding heights, heavy moving machinery and open pools of water (basic seizure precautions)," and is capable of performing his past relevant work as a bartender.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

At the administrative hearing, Goldsmith stated that he is unable to perform his past work or any other work because he has seizures frequently. Upon further questioning, he said that it is the grand mal seizures that prevent him from working, and

that he has grand mal seizures "on the average of once a month." He said that he has "like minor seizures" affecting his equilibrium "couple times a week."

In his hearing decision, the ALJ made the following specific findings:

> For the following reasons, I find the claimant not credible and his testimony regarding the severity and impact of his impairments not supported by the medical evidence of record. The claimant subjectively claims disabling seizures, at the hearing, the claimant testified that he has grand mal and minor seizures. After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The relevant medical evidence in the file fails to support the claimant's subjective complaints. The claimant's examinations demonstrate that the claimant's key capacities are intact and that he is at least capable of performing his past relevant work as identified below. I rely primarily upon the medical expert, who testified at the hearing with opportunity to review the entire record, and was the most conservative giving the claimant any benefit of doubt. The claimant testified that he is not able to work because of his grand mal seizures; however, the claimant stated that he suffers from grand mal seizures only once a month. I also note that the claimant's descriptions of petit seizures had something to do with six beers and half pint of whiskey that he was consuming toward [the] end of 2008. However, the claimant alleged that he has not been drinking since then, which is probably supported by the absence of references since the end of 2008.
>
> . . . .
>
> For all the aforementioned reasons, the level of functioning demonstrated by the claimant in the evidence and the great weight of the medical opinion support a finding that the claimant is able to perform his past relevant job as outlined in Finding #5 above. These accommodate the claimant's alleged complaints. His allegations and testimony as to a greater level of dysfunction is inconsistent with the record as a whole.

The ALJ did not reject most of Goldsmith's subjective symptom testimony, only Goldsmith's conclusion that his seizures prevent him from performing any work, which is not supported by his own testimony about the frequency and severity of his seizures. The reasons the ALJ provided for finding that a portion of Goldsmith's testimony lacked credibility are specific, clear, and convincing.

....

....

....

- 4 -

1    IT IS THEREFORE ORDERED that the final decision of the Commissioner of
2  Social Security is affirmed. The Clerk shall enter judgment accordingly and shall
3  terminate this case.

4    DATED this 30th day of July, 2012.

_____
Neil V. Wake
United States District Judge